# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50125
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 6, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MATEO MENDEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-138-1

Before JOLLY, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Mateo Mendez appeals the 33-month sentence (above-Guidelines sentencing range of 15-21 months' imprisonment) imposed following his guilty-plea conviction for illegal reentry following deportation, in violation of, *inter alia*, 8 U.S.C. § 1326(a). The district court enhanced Mendez' offense level four levels for a prior felony conviction for illegal reentry following deportation, pursuant to Sentencing Guideline § 2L1.2(b)(1)(D) ("If the defendant

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-50125

previously was deported, or unlawfully remained in the United States, after a conviction for any other felony, increase by 4 levels".).

Mendez claims the district court "double-counted", and perhaps even "triple-counted", his 2011 illegal reentry conviction, rendering his above-Guidelines sentence procedurally and substantively unreasonable. He also contends the district court did not give adequate mitigating weight to his ultimately dropped 2010 sexual-assault charge, the nonviolent nature of his prior immigration offense, and his acceptance of responsibility, which Mendez claims demonstrates he will not return to the United States. (Other than as contained in the above-stated issues, Mendez does not challenge the imposition of an upward variance.)

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Mendez did not raise these issues in district court, however; therefore, review is only for plain error. *E.g., United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007). Under that standard, Mendez must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.* As discussed below, there is no clear or obvious error.

No. 14-50125

Mendez concedes our precedent forecloses his assertion that Guideline § 2L1.2 effectively double-counts his prior conviction. *E.g., United States v. Duarte*, 569 F.3d 528, 529 (5th Cir. 2009). He raises the issue only to preserve it for possible further review. And, our court has also previously rejected the claim that the Guidelines overstate the seriousness of illegal reentry. *E.g., United States v. Aguirre-Villa*, 460 F.3d 681, 682–83 (5th Cir. 2006).

Further, Mendez has not shown the district court: failed to consider a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or clearly erred in balancing the 18 U.S.C. § 3553(a) factors. *E.g., Peltier*, 505 F.3d at 392–94; *see also United States v. Brantley*, 537 F.3d 347, 349–50 (5th Cir. 2008). The district court stated, during sentencing, that it could take Mendez' sexual-assault charge "into account", but then subsequently clarified this statement. The court explained Mendez' sexual-assault arrest rebutted his assertion he had stayed out of legal trouble since 2005 because his 2010 sexual-assault charge drew the attention of federal authorities and led to his 2011 illegal-reentry conviction. The record does not reflect that the court considered the sexual-assault charge as an aggravating factor when determining Mendez' sentence. *Cf. United States v. Johnson*, 648 F.3d 273, 278 (5th Cir. 2011). Moreover, the presentence investigation report clarified that the charge, which was not scored when the probation officer calculated Mendez' criminal history, was ultimately dropped.

AFFIRMED.